UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Anthony Favors, | Case No. 21-cv-2473 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Synchrony Bank, | |
| Defendant. | |

I.

This matter comes before the Court on pro se Plaintiff Joseph Anthony Favors' "First Motion for Leave to File for Reconsideration After Time Allowed," ECF No. 11, and "First Supplemental Pleadings But Which Relates Back to Original Incidents Motion," ECF No. 24. No hearing being necessary, *see* D. Minn. LR 7.1(b), the Court has considered these motions on the papers.

II.

In each motion, Plaintiff seeks leave to alter his pleadings, either through amendment (ECF No. 11) or supplementation (ECF No. 24). Local Rule 15.1 requires that "[a]ny motion to amend a pleading . . . be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading." D. Minn. LR 15.1(b); *see Fields v. Peterson*, No. 20-cv-2227 (ECT/HB),

1

2021 WL 2302102, at *3-4 (D. Minn. Mar. 18, 2021) (applying D. Minn. LR 15.1 to supplementation request), *affirmed*, 2021 WL 2302102 (D. Minn. May 3, 2021).  Neither motion was filed in compliance with Local Rule 15.1.

While Plaintiff's first motion, ECF No. 11, was accompanied by a proposed Second Amended Complaint, ECF No. 11-1, Plaintiff did not provide the required explanatory version demonstrating how the proposed Second Amended Complaint differs from the Amended Complaint, ECF No. 9.

Plaintiff's second motion, ECF No. 24, purports to "add a Defendant, and incidents that have occurred after the Complaint was filed." ECF No. 24 at 1.  There is no proposed amended pleading, just a hodgepodge of paragraphs.  While some of those paragraphs would seem to be expounding on certain existing counts, *see, e.g.*, ECF No. 27 at 2 ("Claim Three," "Claim Four"), they do not match up with those same enumerated counts in prior iterations of the pleadings. *Compare, e.g.*, Claim Three in the Amended and Second Amended Complaints ("The Fair Credit Report Act ('FCRA') 15 USCS [sic] § 1681, et seq." (footnote omitted)), ECF Nos. 9 at 18, 11-1 at 22, *with* Claim Three in ECF No. 27 at 2 ("The Equal Credit Opportunity Act (ECOA), 15 U.S.C.S. [sic] 1691(a)(3), et seq."); Claim Four in the Amended and Second Amended Complaints ("The Fair Credit Billing Act ('FCBA') 15 USCS [sic] § 1666, et seq."), ECF No. 9 at 19, ECF No. 11-1 at 23, *with* Claim Four in ECF No. 27 at 2 ("The Equal Rights Under the Law U.S.C.S. [sic] § 1981(A-C)) [sic], et seq.").  Nor is the new defendant identified.  Plaintiff essentially "leaves it to the reader to integrate his new materials into his earlier pleadings.  This puts an unacceptable burden on the Court and Defendant[] . . . ." *Fields*,

2

2021 WL 2302102, at *4; *cf. Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002) (court "not required to engage in a guessing game" regarding new allegations).

Plaintiff's pro se status does not excuse him from following the Federal Rules of Civil Procedure and Local Rules of this Court. *See, e.g.*, *Bunch v. Univ. of Arkansas Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002). Plaintiff's failure to comply with this Court's Local Rules is alone sufficient to deny his motions. *See, e.g.*, *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504-05 (8th Cir. 2013); *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009). Indeed, this failure to comply with Local Rule 15.1 has served as a basis for denying prior motions to amend filed by Plaintiff in other actions on at least two occasions. *See, e.g.*, *Favors v. Ensz*, No. 20-cv-1378 (SRN/DTS), 2021 WL 3293539, at *4 (D. Minn. Aug. 2, 2021); *Favors v. Comenity Capital Bank*, No. 18-cv-1857 (JNE/LIB), slip op. at 2-3 (D. Minn. Jan. 7, 2019).

Defendant did not object to Plaintiff's first motion, ECF No. 11, and filed a motion to dismiss treating the proposed Second Amended Complaint as the operative pleading. ECF No. 14 at 1 (moving "to dismiss the Second Amended Complaint [ECF No. 11-1]"); *see* ECF No. 12 at 2 ("Plaintiff's Second Amended Complaint should be dismissed with prejudice."). Under the circumstances, the Court will grant Plaintiff's first motion, ECF No. 11, and direct the Clerk of Court to file the proposed pleading, ECF No. 11-1, as the Second Amended Complaint in this matter. Plaintiff's second motion, ECF No. 24, however, will be denied without prejudice as procedurally

3

improper. Plaintiff is strongly cautioned that any future motion to amend or supplement his pleadings must comply with all applicable procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of this Court.

## III.

Based upon the foregoing, and all the files, records, proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's "First Motion for Leave to File for Reconsideration After Time Allowed," ECF No. 11, is **GRANTED**.

2. The Clerk of Court shall file the proposed pleading, ECF No. 11-1, as the Second Amended Complaint in this matter.

3. Plaintiff's "First Supplemental Pleadings But Which Relates Back to Original Incidents Motion," ECF No. 24, is **DENIED WITHOUT PREJUDICE**.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May __9__, 2022         *s/ Tony N. Leung*
                              Tony N. Leung
                              United States Magistrate Judge
                              District of Minnesota


                              *Favors v. Synchrony Bank*
                              Case No. 21-cv-2473 (JRT/TNL)