UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joseph Anthony Favors,　　　　　　　　　　Case No. 21-cv-2473 (JRT/TNL)

　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　**ORDER**

Synchrony Bank,

　　　　Defendant.

### I.

This matter comes before the Court on pro se Plaintiff Joseph Anthony Favors' Motion, ECF No. 31, for leave to supplement his Second Amended Complaint. No hearing being necessary, *see* D. Minn. LR 7.1(b), the Court has considered the motion on the papers.

### II.

Plaintiff's most recent motion suffers from the same defects as his previously denied "First Supplemental Pleadings But Which Relates Back to Original Incidents Motion," ECF No. 24.

As the Court stated in its Order dated May 9, 2022, Local Rule 15.1 requires that "[a]ny motion to amend a pleading . . . be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading." D.

Minn. LR 15.1(b); *see Fields v. Peterson*, No. 20-cv-2227 (ECT/HB), 2021 WL 2302102, at *3-4 (D. Minn. Mar. 18, 2021) (applying D. Minn. LR 15.1 to supplementation request), *affirmed*, 2021 WL 2302102 (D. Minn. May 3, 2021).

Plaintiff's current motion is not accompanied by a copy of the proposed amended pleading. Much like the prior motion, Plaintiff's current motion is "just a hodgepodge of paragraphs." ECF No. 29 at 2. "[A]ny amended pleading must be complete in itself and must not incorporate by reference any prior pleading." D. Minn. LR 15.1(a). Plaintiff again "essentially 'leaves it to the reader to integrate his new materials into his earlier pleadings. This puts an unacceptable burden on the Court and Defendant[] . . . .'" ECF No. 29 at 2 (quoting *Fields*, 2021 WL 2302102, at *3-4); *cf. Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002) (court "not required to engage in a guessing game" regarding new allegations).

Nor has Plaintiff provided the required explanatory version of the proposed supplemental pleading demonstrating how the proposed pleading differs from the existing Second Amended Complaint, ECF No. 30. In his motion, Plaintiff includes "underlined parts" which are "quoted from the Second Amended Complaint" and "double underlined parts" that "are being added to it as the supplemental pleadings being added to (not replacing) the underlined pleadings." ECF No. 32. The underlined parts come from five different pages of the Second Amended Complaint. *See* ECF No. 32 at 2-4 (referencing pages 5, 9-10, and 13-14 of the Second Amended Complaint). Plaintiff then includes 13 double-underlined, proposed supplemental paragraphs. But, the Court is still left to guess at how these proposed paragraphs fit into and integrate with the Second Amended

2

Complaint.

Plaintiff's failure to comply with this Court's Local Rules is alone sufficient to deny his motion. *See, e.g.*, *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504-05 (8th Cir. 2013); *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009).  And, as the Court stated before, Plaintiff's failure to comply with Local Rule 15.1 has served as a basis for denying prior motions to amend in other actions on at least two occasions. *See, e.g.*, *Favors v. Ensz*, No. 20-cv-1378 (SRN/DTS), 2021 WL 3293539, at *4 (D. Minn. Aug. 2, 2021); *Favors v. Comenity Capital Bank*, No. 18-cv-1857 (JNE/LIB), slip op. at 2-3 (D. Minn. Jan. 7, 2019).

The Court acknowledges Plaintiff's diagnosis of dyslexia and the challenges brought on by the symptoms of his condition, including "difficulty in acquiring and processing language that is manifested by a lack of proficiency reading, spelling, and writing." ECF No. 32 at 1.  Notwithstanding the challenges of his diagnosis, the Court notes that Plaintiff filed at least 20 lawsuits, including this one, with this Court in the last year alone.[1]  The Court again reminds Plaintiff that his pro se status does not excuse him

---

[1] *Favors v. Internal Revenue Service*, No. 21-cv-359 (PJS/TNL) (filed Feb. 5, 2021); *Favors v. Tallefson et al.*, No. 21-cv-395 (NEB/DTS) (filed Feb. 10, 2021); *Favors v. Nicollet County District Court*, No. 21-cv-439 (ECT/ECW) (filed Feb. 18, 2021); *Favors v. Experian*, No. 21-cv-460 (DWF/TNL) (filed Feb. 19, 2021); *Favors v. Comenity Capital Bank*, No. 21-cv-625 (ECT/ECW) (filed Mar. 3, 2021); *Favors v. American Music Supply*, No. 21-cv-647 (WMW/LIB) (filed Mar. 5, 2021); *Favors v. Chase Bank USA, N.A.*, No. 21-cv-650 (SRN/TNL) (filed Mar. 5, 2021); *Favors v. Magnuson*, No. 21-cv-726 (LPR) (filed Mar. 17, 2021); *Favors v. Sanders et al.*, No. 21-cv-848 (LPR) (filed Mar. 26, 2021); *Favors v. First Premier Bank*, No. 21-cv-935 (WMW/LIB) (filed Apr. 6, 2021); *Favors v. Stoesz et al.*, No. 21-cv-1002 (JRT/HB) (filed Apr. 15, 2021); *Favors v. Johnston et al.*, No. 21-cv-1103 (PAM/LIB) (filed Apr. 28, 2021); *Favors v. Mike et al.*, No. 21-cv-1179 (NEB/TNL) (filed May 7, 2021); *Favors v. Magnuson*, No. 21-cv-1366 (LPR) (filed June 9, 2021); *Favors v. Stoesz et al.*, No. 21-cv-1381 (JRT/LIB) (filed June 10, 2021); *Favors v. Merrick Bank*, No. 21-cv-1447 (PJS/DTS) (filed June 18, 2021); *Favors v. Synchrony Capital Bank et al.*, No. 21-cv-1495 (ECT/HB) (filed June 24, 2021); *Favors v. Commissioner of the Internal Revenue Service (C.I.R.S.) et al.*, No. 21-cv-2267 (WMW/TNL) (filed Oct. 14, 2021); *Favors v. Synchrony Bank*, No. 21-cv-2473 (JRT/TNL) (filed Nov. 9, 2021); *Favors v. Reese et al.*, No. 22-cv-1276 (DSD/DTS) (filed May 10, 2022).

from following the Federal Rules of Civil Procedure and Local Rules of this Court. *See, e.g.*, *Bunch v. Univ. of Arkansas Bd. of Trustees*, 863 F.3d 1062, 1067 (8th Cir. 2017); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002).

Plaintiff's motion is procedurally improper and will be denied without prejudice. Plaintiff is again strongly cautioned that any future motion to amend or supplement his pleadings must comply with all applicable procedural rules, including the Federal Rules of Civil Procedure and the Local Rules of this Court.

### III.

Based upon the foregoing, and all the files, records, proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion, ECF No. 31, is **DENIED WITHOUT PREJUDICE**.

2. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May  25  , 2022

        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Favors v. Synchrony Bank*
Case No. 21-cv-2473 (JRT/TNL)